People v Heidrich (2024 NY Slip Op 01841)

People v Heidrich

2024 NY Slip Op 01841

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

113198
[*1]The People of the State of New York, Respondent,
v
John C. Heidrich, Appellant.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Paul J. Connolly, Delmar, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered September 29, 2021, upon a verdict convicting defendant of the crimes of kidnapping in the first degree (eight counts), rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, strangulation in the second degree, kidnapping in the second degree as a sexually motivated felony and assault in the second degree as a sexually motivated felony (two counts).
Upon arriving in Boston, Massachusetts on a Greyhound bus from the City of Albany on January 12, 2020, the victim reported that a man had held her against her will at his home and subjected her to physical and sexual abuse. She was transported to the hospital by emergency responders and, once there, described how she had taken the bus to Albany several days earlier to meet a man she had met online and traveled to his home, where the captivity and abuse occurred. She further related how she was able to escape the man's residence on January 11, 2020, as well as how she was able to get help to return to Albany the next morning and catch a bus back to Boston. The man in question was identified as defendant and, following an investigation, New York State Police investigators executed a search warrant at his home in the Town of Halfmoon, Saratoga County on March 11, 2020. They observed that, as the victim had described, the home was "extremely cluttered" and reeked of must and urine, and they recovered items such as a cinderblock and chains that the victim claimed defendant had used to threaten her. Defendant, at that point, was placed under arrest.
Defendant was thereafter charged in a 42-count indictment with offenses arising out of his conduct toward the victim. The matter proceeded to trial and, at the outset of jury selection, County Court advised that it was "very cautious about releasing the identity of" jurors because of instances in which jurors in prior trials had been contacted by the media, investigators and codefendants, and that the court would therefore not disclose the names of the prospective jurors and require counsel to "refer to them by their juror number[s]." Jury selection proceeded using that process over the objection of defense counsel, and at no point during trial were the identities of the jurors disclosed. Thereafter, defendant was convicted of eight counts of kidnapping in the first degree, rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, strangulation in the second degree, kidnapping in the second degree as a sexually motivated felony and two counts of assault in the second degree as a sexually motivated felony. County Court sentenced defendant to concurrent terms of 25 years to life in prison for each conviction of kidnapping in the first degree and to lesser concurrent terms on the remaining convictions. Defendant appeals.
At the outset, we address defendant's argument that the verdict [*2]is against the weight of the evidence, primarily contending that the victim was not credible in her testimony of what transpired while she was at his residence.[FN1] The victim's testimony was corroborated in significant respects by other evidence, however, including the testimony of individuals who described the circumstances of her arrival at and departure from defendant's home, text messages recovered from a cell phone broken by defendant in which the victim sought help during her ordeal there, the various injuries medical professionals observed on the victim's body upon her return to Boston that were consistent with her claims of physical and sexual abuse, and the recovery of defendant's genetic material from her underwear. There was nothing inherently unbelievable about the victim's testimony and, despite defendant having placed the reasons for doubting it squarely before the jury, the jury necessarily credited a good portion of it in finding defendant guilty of numerous offenses. We defer to that assessment of credibility and, upon viewing the evidence in a neutral light, cannot say that the convictions are against the weight of the evidence (see People v Christie, 224 AD3d 1097, ___, 2024 NY Slip Op 00948, *3 [3d Dept 2024]; People v Karnes, 223 AD3d 1119, 1122 [3d Dept 2024]).
We do agree with defendant's further argument that a new trial is required because County Court erred in empaneling an anonymous jury. A "court shall direct that the names of not less than [12] members of the panel be drawn and called as prescribed by the judiciary law" during jury selection (CPL 270.15 [1] [a]). CPL 270.15 (1) (a) makes no provision for withholding information about the prospective jurors — indeed, the section specifically authorizes the use of questionnaires to collect information about prospective jurors — and such information is of use to the parties in exercising their right to question the venire about their qualifications to serve (see CPL 270.15 [1] [c]). Indeed, the only statutory authorization to limit disclosure of juror information is a provision permitting the issuance of a protective order "regulating disclosure of the business or residential address of any prospective or sworn juror to any person or persons, other than to counsel for either party," upon a showing of good cause, such as "a likelihood of bribery, jury tampering or of physical injury or harassment of the juror" (CPL 270.15 [1-a]). "Read together, these sections of CPL 270.15 prohibit a trial court from withholding the names of prospective jurors" (People v Flores, 153 AD3d 182, 189 [2d Dept 2017], affd 32 NY3d 1087 [2018]). To be sure, there is authority for the proposition that withholding the identities of jurors may be warranted despite a lack of statutory authorization where it can be shown that a defendant, or his or her associates, "represent a clear threat to either the safety or integrity of the jury" under the facts of a particular case (People v Watts, 173 Misc 2d [*3]373, 377 [Sup Ct, Richmond County 1997]). Accepting that empaneling an anonymous jury may be appropriate in some instances, however, the Court of Appeals has made clear that doing so is error where no "factual predicate for the extraordinary procedure" has been shown (People v Flores, 32 NY3d 1087, 1088 [2018]).
There is no doubt that the requisite factual predicate was absent here, as County Court did not cite any threats to this jury and instead based its refusal to disclose the identities of prospective jurors upon a ground that the Court of Appeals has specifically found to be inadequate, namely, "anecdotal accounts from jurors in unrelated cases" (id.). The People concede that County Court erred in empaneling an anonymous jury, in fact, but argue that reversal is not required because the issue is unpreserved and the error is, in any event, harmless. We disagree on both counts. First, when County Court announced that it would not disclose the names of the prospective jurors, defense counsel immediately "object[ed] to that" and argued that no factual showing of a need for anonymity had been made in this matter. County Court then "den[ied] [the] application" and "note[d] [the] exception." Defendant therefore preserved the argument for our review by registering an objection to County Court's refusal to disclose the identities of the jurors in a manner that permitted the trial court to address the issue (see CPL 470.05 [2]; People v Watts, 215 AD3d 1170, 1174 [3d Dept 2023]). Second, for the reasons set forth in People v Flores (153 AD3d at 193-195), we are unpersuaded that harmless error analysis is applicable to such an error. Thus, reversal and remittal for a new trial is required.
In view of the foregoing, defendant's remaining contentions are academic.
Aarons, Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Saratoga County for a new trial.

Footnotes

Footnote 1: Defendant separately suggests that two of his convictions for kidnapping in the first degree, as well as his convictions for assault in the second degree as a sexually motivated felony, are against the weight of the evidence because the lit cigarette and hot coffee he used to injure the victim could not constitute dangerous instruments (see Penal Law §§ 10.00 [9], [13]; 120.05 [2]; 135.25 [2] [b]). The argument is meritless. "Depending on how it is used, even a normally innocuous item may . . . be a 'dangerous instrument,' " and the jury could readily conclude that both the hot coffee and lit cigarette were dangerous instruments in view of the victim's testimony that defendant burned her by throwing the coffee on her and placed the lit cigarette on her shoulder (People v Dodt, 61 NY2d 408, 414 [1984], citing Penal Law § 10.00 [13]; see People v Cwikla, 46 NY2d 434, 442 [1979]).